IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GOODEN, | ) No. C 13-0352 LHK (PR) |
| Plaintiff, | ) ORDER OF SERVICE; |
| vs. | ) DIRECTING DEFENDANTS TO ) FILE DISPOSITIVE MOTION |
| | ) OR NOTICE REGARDING |
| CORRECTIONAL OFFICER W. BAPTISTA, et al., | ) SUCH MOTION; ADDRESSING ) PENDING MOTIONS |
| Defendants. | ) |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court orders service upon the named Defendants.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law. *See West v.*
5  *Atkins*, 487 U.S. 42, 48 (1988).

6  B.  Legal Claims

7  In the complaint, Plaintiff states that he is a mentally ill patient housed at Pelican Bay
8  State Prison ("PBSP") Psychiatric Security Unit. On July 9, 2012, Plaintiff was suicidal, and
9  told Defendants Baptista and Garza of his condition. Defendants Baptista and Garza secured
10 Plaintiff in handcuffs and leg shackles. Thereafter, Defendants Baptista, Garza, and Mart beat
11 Plaintiff, resulting in the transportation of Plaintiff to an outside hospital for treatment. Liberally
12 construed, Plaintiff has stated a cognizable claim of excessive force.

13 Plaintiff also states that before being transported for treatment, Plaintiff was forced to
14 wear a "spit mask." A "spit mask" is an elastic, netted mask placed over the mouth, and is used
15 as a safety precaution by prison staff for inmates who have a history of spitting on people.
16 Plaintiff alleges that he had no history of spitting, and prison staff placed the "spit mask" on him
17 in an attempt to hide the injuries to Plaintiff's face. To the extent Plaintiff attempts to raise
18 Eighth Amendment claims with respect to the "spit mask," they are not cognizable because he
19 merely asserts that his rights were violated by "prison staff" without identifying any specific
20 individuals. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (recognizing that a plaintiff
21 must show that an individual defendant proximately caused the deprivation of a federally
22 protected right). If Plaintiff wishes to raise such a claim against specific individuals, he may
23 move to amend his complaint within thirty days.

24 C.  Pending motions

25 Plaintiff's motions for an appointment of counsel are DENIED for want of exceptional
26 circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v.*
27 *Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a

28

civil case). The issues in this case are not particularly complex, and Plaintiff has thus far been able to adequately present his claims. This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

Plaintiff's motion for a possible early settlement is DENIED without prejudice at this time.

## CONCLUSION

1. Plaintiff's motions for an appointment of counsel are DENIED. (Doc. Nos. 2, 4.) Plaintiff's motion for possible early settlement is DENIED. (Doc. No. 3.)

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this Order to **Correctional Officers W. Baptista, C. Mart, and E. Garza** at **PBSP**.

The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this Order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of

service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

    4. No later than **ninety (90) days** from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

        a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

        b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

    5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

    6. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 4/11/13

_____
LUCY H. KOH
United States District Judge