1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  DAVID GOODEN,                                )        No. C 13-0352 LHK (PR)
                                                )
12              Plaintiff,                       )        ORDER OF SERVICE;
                                                )        DIRECTING DEFENDANTS TO
13      vs.                                      )        FILE DISPOSITIVE MOTION
                                                )        OR NOTICE REGARDING
14                                               )        SUCH MOTION; ADDRESSING
    CORRECTIONAL OFFICER W.                      )        PENDING MOTIONS
15  BAPTISTA, et al.,                            )
                                                )
16              Defendants.                      )
                                                )
17  ————————————————————————

18          Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

19  Plaintiff is granted leave to proceed in forma pauperis in a separate order.  For the reasons stated

20  below, the Court orders service upon the named Defendants.

                                        **DISCUSSION**

21  A.      Standard of Review

22          A federal court must conduct a preliminary screening in any case in which a prisoner

23  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

24  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

25  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

26  seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

27  § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Addressing
Pending Motions
G:\PRO-SE\SJ.LHK\CR.13\Gooden352srv.wpd

1    *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4    the alleged violation was committed by a person acting under the color of state law. *See West v.*

5    *Atkins*, 487 U.S. 42, 48 (1988).

6    B.       Legal Claims

7         In the complaint, Plaintiff states that he is a mentally ill patient housed at Pelican Bay

8    State Prison ("PBSP") Psychiatric Security Unit.  On July 9, 2012, Plaintiff was suicidal, and

9    told Defendants Baptista and Garza of his condition.  Defendants Baptista and Garza secured

10   Plaintiff in handcuffs and leg shackles.  Thereafter, Defendants Baptista, Garza, and Mart beat

11   Plaintiff, resulting in the transportation of Plaintiff to an outside hospital for treatment.  Liberally

12   construed, Plaintiff has stated a cognizable claim of excessive force.

13        Plaintiff also states that before being transported for treatment, Plaintiff was forced to

14   wear a "spit mask."  A "spit mask" is an elastic, netted mask placed over the mouth, and is used

15   as a safety precaution by prison staff for inmates who have a history of spitting on people.

16   Plaintiff alleges that he had no history of spitting, and prison staff placed the "spit mask" on him

17   in an attempt to hide the injuries to Plaintiff's face.  To the extent Plaintiff attempts to raise

18   Eighth Amendment claims with respect to the "spit mask," they are not cognizable because he

19   merely asserts that his rights were violated by "prison staff" without identifying any specific

20   individuals.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (recognizing that a plaintiff

21   must show that an individual defendant proximately caused the deprivation of a federally

22   protected right).  If Plaintiff wishes to raise such a claim against specific individuals, he may

23   move to amend his complaint within thirty days.

24   C.       Pending motions

25        Plaintiff's motions for an appointment of counsel are DENIED for want of exceptional

26   circumstances.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v.*

27   *Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Addressing
Pending Motions
G:\PRO-SE\SJ.LHK\CR.13\Gooden352srv.wpd        2

1   civil case).  The issues in this case are not particularly complex, and Plaintiff has thus far been

2   able to adequately present his claims.  This denial is without prejudice to the Court's *sua sponte*

3   appointment of counsel at a future date should the circumstances of this case warrant such

4   appointment.

5          Plaintiff's motion for a possible early settlement is DENIED without prejudice at this

6   time.

7                                            **CONCLUSION**

8          1.      Plaintiff's motions for an appointment of counsel are DENIED.  (Doc. Nos. 2, 4.)

9   Plaintiff's motion for possible early settlement is DENIED.  (Doc. No. 3.)

10         2.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

11  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

12  and all attachments thereto (docket no. 1), and a copy of this Order to **Correctional Officers W.**

13  **Baptista, C. Mart, and E. Garza** at **PBSP**.

14         The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this

15  Order to the California Attorney General's Office.  Additionally, the Clerk shall mail a copy of

16  this Order to Plaintiff.

17         3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

18  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

19  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

20  behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear

21  the cost of such service unless good cause be shown for their failure to sign and return the waiver

22  form.  If service is waived, this action will proceed as if Defendants had been served on the date

23  that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required

24  to serve and file an answer before **sixty (60) days** from the date on which the request for waiver

25  was sent.  (This allows a longer time to respond than would be required if formal service of

26  summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the

27  waiver form that more completely describes the duties of the parties with regard to waiver of

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Addressing
Pending Motions
G:\PRO-SE\SJ.LHK\CR.13\Gooden352srv.wpd          3

1   service of the summons.  If service is waived after the date provided in the Notice but before

2   Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date

3   on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is

4   filed, whichever is later.

5       4.      No later than **ninety (90) days** from the date of this Order, Defendants shall file a

6   motion for summary judgment or other dispositive motion with respect to the cognizable claims

7   in the complaint.

8       a.      If Defendants elect to file a motion to dismiss on the grounds that Plaintiff

9   failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

10  Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

11  F.3d 1108, 1119-20 (9th Cir. 2003).

12      b.      Any motion for summary judgment shall be supported by adequate factual

13  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

14  Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**

15  **qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**

16  **that this case cannot be resolved by summary judgment, they shall so inform the Court**

17  **prior to the date the summary judgment motion is due.**

18      5.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and

19  served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is

20  filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and

21  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must

22  come forward with evidence showing triable issues of material fact on every essential element of

23  his claim).

24      6.      Defendants shall file a reply brief no later than **fourteen (14) days** after

25  Plaintiff's opposition is filed.

26      7.      The motion shall be deemed submitted as of the date the reply brief is due.  No

27  hearing will be held on the motion unless the Court so orders at a later date.

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Addressing
Pending Motions
G:\PRO-SE\SJ.LHK\CR.13\Gooden352srv.wpd        4

1    8.    All communications by the Plaintiff with the Court must be served on Defendants

2    or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants'

3    counsel.

4    9.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

5    No further Court order is required before the parties may conduct discovery.

6    10.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

7    and all parties informed of any change of address and must comply with the Court's orders in a

8    timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

9    pursuant to Federal Rule of Civil Procedure 41(b).

10    IT IS SO ORDERED.

11    DATED:  4/11/13

LUCY H. KOH
United States District Judge

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Addressing
Pending Motions
G:\PRO-SE\SJ.LHK\CR.13\Gooden352srv.wpd          5