IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID GOODEN, | ) | No. C 13-0352 LHK (PR) |
| | ) | |
| Plaintiff, | ) | DIRECTING DEFENDANTS TO |
| | ) | FILE DISPOSITIVE MOTION |
| vs. | ) | OR NOTICE REGARDING |
| | ) | SUCH MOTION |
| CORRECTIONAL OFFICER W. BAPTISTA, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's original complaint, dismissed it in part, and served the cognizable claim of excessive force against named Defendants. Plaintiff has now filed an amended complaint.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

*Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claims

In the complaint, Plaintiff states that he is a mentally ill patient housed at Pelican Bay State Prison ("PBSP") Psychiatric Security Unit. On July 9, 2012, Plaintiff was suicidal, and told Defendants Baptista and Garza of his condition. Defendants Baptista and Garza secured Plaintiff in handcuffs and leg shackles. Thereafter, Defendants Baptista, Garza, and Mart beat Plaintiff, resulting in the transportation of Plaintiff to an outside hospital for treatment. Liberally construed, Plaintiff has stated a cognizable claim of excessive force against Defendants Baptista, Garza, and Mart.

Plaintiff also states that before being transported for treatment, Defendant Baptista forced Plaintiff to wear a "spit mask." A "spit mask" is an elastic, netted mask placed over the mouth, and is used as a safety precaution by prison staff for inmates who have a history of spitting on people. Plaintiff alleges that he had no history of spitting, and the "spit mask" was placed on him in an attempt to hide the injuries to Plaintiff's face, making it more difficult for Plaintiff to be treated by medical staff. Liberally construed, Plaintiff has stated an Eighth Amendment claim against Defendant Baptista.

**CONCLUSION**

1.   The briefing schedule issued on July 15, 2013 is VACATED. (Docket No. 21.)

2.   No later than **ninety (90) days** from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

   a.   If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

F.3d 1108, 1119-20 (9th Cir. 2003).

      b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

3.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

4.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.    All communications by the Plaintiff with the Court must be served on Defendants' counsel, by mailing a true copy of the document to Defendants' counsel.

7.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 7/15/13

LUCY H. KOH
United States District Judge