IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GOODEN,                      )<br>                                    )<br>            Plaintiff,              )<br>                                    )<br>    vs.                             )<br>                                    )<br>                                    )<br>CORRECTIONAL OFFICER W.            )<br>BAPTISTA, et al.,                  )<br>                                    )<br>            Defendants.             )<br>_____ ) | No. C 13-0352 LHK (PR)<br><br>ORDER DENYING MOTION TO<br>REASSIGN JAIHOUSE<br>LAWYER<br><br><br><br>(Docket No. 23) |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On April 11, 2013, the court found that plaintiff had stated a cognizable claim of excessive force against defendants, and ordered service upon them. On May 6, 2013, plaintiff filed an amended complaint. On July 16, 2013, the court found that the amended complaint added a claim of deliberate indifference, and directed defendants to file a dispositive motion addressing plaintiff's claims.

Currently before the court is plaintiff's motion to "reassign jailhouse lawyer." Plaintiff states that the California Department of Corrections and Rehabilitation approved Inmate J. Burton, E85733, to provide legal assistance to plaintiff. Although plaintiff asserts that on January 25, 2013, this court "approved" plaintiff's motion to appoint Mr. Burton as plaintiff's jailhouse lawyer, the court has no record of this occurrence. In plaintiff's motion, he asks that all documents pertaining to this action be served upon Mr. Burton.

The court plays no role in the arrangements made between prisoners regarding assistance

1 that one may provide for another in pending actions.  Thus, the court will not appoint a jailhouse
2 lawyer or otherwise authorize one prisoner to speak on behalf of another prisoner.  The named
3 plaintiff, and not any other prisoner, is responsible for the filings made on his behalf in an action,
4 and the plaintiff must sign all documents filed on the plaintiff's behalf in this action.  Mr. Burton
5 is not a party to this action, and the court will not serve pleadings on Mr. Burton as a substitute
6 for serving plaintiff.  Mr. Burton, who is not an attorney licensed to practice in the State of
7 California, is not permitted to appear on plaintiff's behalf in this proceeding.  Plaintiff must
8 either appear *pro se*, or be represented by a licensed attorney who is a member of the bar of this
9 court or is admitted to practice pro hac vice.  *See* Civil L.R. 3-9(a).  Whether plaintiff wishes to
10 personally send Mr. Burton copies of court documents in this case is a matter left to plaintiff's
11 discretion.

12       This order terminates docket number 23.
13       IT IS SO ORDERED.
14 DATED:  8/15/13                                    *Lucy H. Koh*
                                                       LUCY H. KOH
15                                                     United States District Judge

Order Denying Motion to ReAssign Jailhouse Lawyer
G:\PRO-SE\LHK\CR.13\Gooden352inmatelawyer.wpd    2